

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 16, 1959

Honorable Sam O. Kimberlin, Jr.
Deputy Commissioner
Department of Banking
Austin 14, Texas

Opinion No. WW-725

Re: Authority of the Finance
Commission to invest funds
in United States Government
obligations.

Dear Mr. Kimberlin:

Your request for an opinion from this office reads as follows:

"As you know all expenses of the Banking
Department of Texas are paid out of fees,
penalties, and revenues collected by the De-
partment under the Banking Department Self
Support and Administration Act (Acts 1951,
52nd Legislature, page 233, Chapter 139).
From time to time funds are accumulated and
held for some period of time before they are
needed to pay the expenses of the operation
of the Department. Please advise us whether
or not, in your opinion, the Finance Commis-
sion of Texas could authorize the investment
of such funds in U. S. Government Bonds or
other obligations during such periods when
such funds are idle and not needed for the
operation of the Department."

The powers of the Finance Commission with reference
to the disposition and control of public monies involved in
your request are governed by the provisions of Article 342-112,
Vernon's Civil Statutes, which provide as follows:

"The Commissioner shall, from time to time
as directed by the Finance Commission, submit
to such Commission a full and complete report
of the receipts and expenditures of the Banking
Department and the Finance Commission may from

time to time examine the financial records of
the Banking Department or cause them to be exam-
ined.  In addition, the Banking Department shall
be audited from time to time, by the State Audi-
tor in the same manner as other State Departments,
and the actual costs of such audits shall be paid
to the State Auditor from the funds of the Banking
Department.  Fees, penalties and revenues collected
by the Banking Department from every source whatso-
ever shall be retained and held by said Department,
and no part of such fees, penalties and revenues
shall ever be paid into the General Revenue Fund
of this State.  All expenses incurred by the Bank-
ing Department shall be paid only from such fees,
penalties and revenues, and no such expense shall
ever be a charge against the funds of this State.
The Finance Commission shall adopt, and from time
to time amend, budgets which shall direct the
purposes, and prescribe the amounts, for which
the fees, penalties and revenues of the Banking
Department shall be expended; and the Finance Com-
mission shall, as of December 31, 1951, and annually
thereafter, report to the Governor of the State of
Texas the receipts and disbursements of the Banking
Department for each calendar year; and shall within
the first sixty (60) days of each succeeding Regu-
lar Session of the Legislature make a report to
the appropriate committees of the House and Senate
charged with considering legislation pertaining to
banking."

It is noted that such funds are required to be retained
and held by the Banking Department.  The Banking Department is
further authorized to expend such funds for the payment of ex-
penses of the Department.  The Legislature has not specifically
authorized the Finance Commission to invest such funds.  When-
ever the Legislature has authorized a State agency to invest
public monies, it is stated the securities into which such mon-
ies may be invested; e.g., Section 9 of Article 678m, Vernon's
Civil Statutes, authorizing the State Building Commission to
invest monies in certain United States Government obligations.

In the absence of such statutory authorization, it is
our opinion that the Finance Commission does not have authori-
ty to invest public monies under its control.  Such investment
would not constitute payment of any expense of the Banking De-
partment and would not constitute "retention" by the Department
of the public funds since such an investment would require an
expenditure of the funds.

### SUMMARY

The Finance Commission of Texas does
not have authority to invest public
monies under its control in United
States Government obligations.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *John Reeves*
John Reeves
Assistant

JR:mfh

APPROVED:

OPINION COMMITTEE
Gordan Cass, Chairman

Howard Mays

Wallace Finfrock

Morgan Nesbitt

REVIEWED FOR THE ATTORNEY GENERAL
BY: W. V. Geppert